IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| KARI VANDERWIELE, | : CIVIL ACTION |
| Plaintiff, | : |
| v. | : No. 05-5085 |
| LOUIS JAMES MURPHY, III, GARY LEASURE, MARK MARTIN'S J-MAR EXPRESS, INC., CAROLYN BLAKE and ROBERT THOMPSON, | : |
| Defendants. | : |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                      **SEPTEMBER 27, 2005**

       This is a personal injury action arising from an automobile accident in Pine Creek, Pennsylvania on October 26, 2003. Jurisdiction is predicated solely upon diversity of citizenship.[1] *See* 28 U.S.C. § 1332 ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ."). Examination of the Complaint reveals that diversity jurisdiction is lacking and, therefore, I will *sua sponte* dismiss the Complaint.

       "Lack of subject matter jurisdiction is a ground for dismissal and may be raised at any time by the parties or by the court *sua sponte*." Walls v. Ahmed, 832 F. Supp. 940, 941

---

[1] The Complaint alleges claims of negligence against the Defendants and fails to include any specific reference to this Court's subject matter jurisdiction. (*See* Compl.). However, the Civil Cover Sheet states the Cause of Action as 28 U.S.C. § 1332 and diversity is checked off in the box indicating the basis of jurisdiction.

(E.D. Pa. 1993)(citation omitted).  "[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*."  Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995); *see also* Pippett v. Waterford Dev., LLC, 166 F. Supp. 2d 233, 235 n.1 (E.D. Pa. 2001)("A federal district court has a duty to consider its own jurisdiction prior to considering the merits of an action.").  "In order to sustain jurisdiction based on diversity of the parties, there must exist an actual, substantial controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." Employers Ins. of Wausau v. Crown Cork and Seal Co., 905 F.2d 42, 45 (3d Cir. 1990)(citation omitted).  Complete diversity is lacking if "one of the defendants is a citizen of the same state as any of the plaintiffs."  Walls, 832 F. Supp. at 941 (citation omitted).  "The burden of persuasion as to diversity jurisdiction remains at all time[s] on the proponent of jurisdiction."  Id. at 941 n.3 (citations omitted).

   Upon review of the Complaint, it is clear that there is not complete diversity between Pennsylvania resident Plaintiff Kari Vanderwiele and Defendants Carolyn Blake and Robert Thompson who also reside in Pennsylvania.[2]  The Complaint states that Plaintiff Kari Vanderwiele resides in Coatesville, Pennsylvania. (Compl. ¶ 1).  Regarding Defendant Carolyn Blake, the Complaint alleges that she resides in Danville, Pennsylvania.  (Id. ¶ 5).  As for Defendant Robert Thompson, the Complaint alleges that he resides in Farrell, Pennsylvania.  (Id. ¶ 6).  Since Plaintiff Kari Vanderwiele and Defendants Carolyn Blake and Robert Thompson are all residents of Pennsylvania, diversity is plainly lacking.  *See* Walls, 832 F. Supp. at 941 ("If one

---

[2] The other named Defendants are residents of other states than Pennsylvania. (*See* Compl.)

of the defendants is a citizen of the same state as any of the plaintiffs, complete diversity is lacking."). Due to the non-diverse parties set forth in the Complaint, Plaintiff Kari Vanderwiele has not sufficiently demonstrated to the Court that diversity exists among the parties. In fact, the allegations contained in the Complaint demonstrate that diversity is clearly lacking. As the parties are not diverse, this Court lacks jurisdiction and the case will be dismissed.[3]

    An appropriate Order follows.

---

[3] Additionally, this Court lacks diversity jurisdiction due to Plaintiff Kari Vanderwiele's failure to specifically allege that the amount in controversy exceeds the $75,000 jurisdictional threshold set forth in 28 U.S.C. § 1332(a)("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000. . . ."). The Complaint demands judgment against Defendants in an amount in excess of $50,000 plus interest and cost of suit, but does not allege damages meeting the diversity jurisdictional threshold of more than $75,000. (*See* Compl.). In light of Plaintiff Kari Vanderwiele's failure to specifically allege that the amount in controversy exceeds the $75,000 jurisdictional threshold, and due to the lack of diversity, this Court lacks subject matter jurisdiction based upon 28 U.S.C. § 1332.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| KARI VANDERWIELE, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 05-5085 |
| | : | |
| LOUIS JAMES MURPHY, III, GARY LEASURE, MARK MARTIN'S J-MAR EXPRESS, INC., CAROLYN BLAKE and ROBERT THOMPSON, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

**AND NOW**, this 27th day of September, 2005, it is hereby **ORDERED** that Plaintiff Kari Vanderwiele's Complaint (Doc. No. 1) is **DISMISSED** for lack of subject matter jurisdiction.

BY THE COURT:

s/ Robert F. Kelly
Robert F. Kelly,                         Sr. J.